IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION, its successors in interest
And/or assigns,

                Plaintiff,

     v.

DIANE RAYBOULD, *et al*.

               Defendants.

_____

Case No. 6:15-cv-01333-MC

ORDER

MCSHANE, Judge:

     Defendants Diane and Dennis Raybould seek to remove this judicial foreclosure action filed in state court by JP Morgan Chase Bank, National Association. ECF No. 1. Defendants also move for a more definite statement, arguing the complaint is unclear, ambiguous, and contradictory. ECF No. 2. The motion for a more definite statement is DENIED. The complaint is neither unclear, ambiguous, nor contradictory. It clearly alleges the Rayboulds defaulted on a promissory note secured by a deed of trust and plaintiff seeks to foreclose on the deed of trust.

1 –ORDER

## STANDARDS

Any civil action brought in a state court of which a federal district court would have original jurisdiction may be removed by the defendant or defendants to the federal court of the district and division where such action is pending. 28 U.S.C. § 1441(a). A civil action otherwise removable solely on the basis of diversity of citizenship may not be removed if any of the defendants is a citizen of the state in which such action is brought. 28 U.S.C. § 1441(b)(2). Even if the defendant intends to present a defense or counterclaim that invokes federal law, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10 (1983) (emphasis in original).

Procedurally, a defendant seeking to remove a state court action must attach the state court pleadings to the notice of removal. 28 U.S.C. § 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. *Id.*

## DISCUSSION

The Rayboulds reside in Oregon. Therefore, they may not remove a case filed in Oregon state court to federal court based solely on diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2). The Rayboulds appear to argue that the judicial foreclosure claim is a claim under the Fair Debt Collection Practices Act. I disagree. This argument appears to stem from the Notice plaintiff served on the Rayboulds notifying them that under the FDCPA, this judicial foreclosure action is an attempt to collect a debt. *See* ECF 1-1. The sole claim, however, is a claim arising under state law for judicial foreclosure of a deed of trust. *See* Complaint, § VII. Thus, this court lacks federal

2 – ORDER

question jurisdiction over the complaint. And because the Rayboulds reside in Oregon, they may not remove this action on the basis of diversity jurisdiction.

## CONCLUSION

As this court lacks jurisdiction, this matter is REMANDED to state court. The clerk is directed to mail a certified copy of this remand order to the clerk of Lane County Circuit Court.

IT IS SO ORDERED.

DATED this 4th day of August, 2015.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge